UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAMIE SHOULDERS,<br>Petitioner<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Respondent | 5:21-cv-5082<br><br><br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court is a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence filed by Jamie Shoulders (Doc. 1) and the Government's responsive Motion to Dismiss (Doc. 27). For the reasons set forth below, the Court grants the Government's motion.

## I. Background

In 2018, Petitioner pleaded guilty to Count 2 of a superseding indictment (5:17-cr-50090, Doc. 59) alleging second-degree Murder in violation of 18 U.S.C. §§ 2, 1111 and 1153. He was sentenced to 300 months in prison and 5 years of supervised release. He appealed to the Eighth Circuit, which denied relief on the sentencing issues Shoulders raised. *United States v. Shoulders*, 988 F.3d 1061 (8th Cir. 2021).

Petitioner's offense arose from the killing of the victim, whom Petitioner and others had met to purchase controlled substances. Petitioner admitted he went to the driver's side window of the van where the victim and two other persons were sitting and fired at him in the driver's seat at close range. (Id., Doc. 185). One of the other persons with Petitioner also fired shots at close range. (Id.) A third person in Petitioner's group, who was in the van when the shots were fired, avoided the gunfire and fled the vicinity. (Id.). The victim's cousin, who had accompanied him to the proposed drug sale and was in the front passenger seat of the van, also escaped the gunfire. (Id.). Subsequently, Petitioner was indicted on assault and firearms offenses, (id., Doc. 35), and a superseding indictment was filed dismissing the assault offenses and substituting the murder and firearms offense. (Id., Doc. 59). Petitioner pleaded guilty and agreed to a factual basis statement which recounted the above facts. (Id., Doc. 185). During plea negotiations, the Government offered 20 years and required cooperation. (5:21-cv-5082, Doc. 22). Shoulders rejected the offer. (Id.). He pleaded guilty without a joint sentencing recommendation. (5:17-cr-50090, Doc. 299; Doc. 364, PgID 3180).

Prior to sentencing, Petitioner's counsel filed a sentencing memorandum arguing for a sentence of no more than 18 years. (Id., Doc. 285). Counsel supported the request with comparisons to other murder cases that had been handled by the court, the lack of prolonged suffering by the victim, and defendant's apology. (Id.).

2

The Government also submitted a sentencing memorandum requesting an upward departure based on several factors in 18 U.S.C. § 3553. (Id., Doc. 292). At sentencing, the court departed upward two levels, justifying the "upward variance" with numerous factors, including the danger of death for others in the van when Shoulders fired at the victim and the "callous" nature of the offense. (Id., Doc. 307, PgID 2757). The court determined that departing upward from the Federal Sentencing Guidelines (FSG) range of 210-262 months based on the death, 5K2.1, and use of the firearm, 5K2.6, was justified. The resulting FSG range was 262-327 months, and the judge imposed 300 months. The court stated that in imposing this sentence, it was denying the defense motion for a downward departure (id., PgID 2758-59) and also preserved the defense objection to an upward departure. (Id. PgID 2765).

The Eighth Circuit affirmed, finding the court did not abuse discretion in imposing the sentence. 988 F.3d at 1065. The court determined 300 months was not a substantively unreasonable sentence. In doing so it rejected Defendant's claim the court had given too much weight to his use of a gun, confirmed the court did not have to accept Defendant's explanation that he "freaked out," and stated that the court properly considered that others in the van were at risk of serious harm. *Id.* at 1064-65. Reviewing under the plain error standard, the court also rejected defendant's assertion that the court had made serious procedural errors in making a

mistake about a fact and providing an inadequate explanation for the sentence. The Eighth Circuit noted the court had corrected its mistake about whether the victim's wife was in the van at the time of the murder, determined there was no reasonable probability any error affected the sentence, and concluded the court's explanation for the sentence was adequate. *Id.* at 1064-65. The Eighth Circuit found there was no error in the court's departing upward because the sentencing judge stated he would have imposed the same sentence with a variance, citing several factors, including Defendant's indiscriminate firing into the van, his flight, the risk his firing posed to others in the van, the extreme nature of the offense, and the need to protect the community. *Id.* at 1063.

Shoulders' § 2255 motion alleges his defense counsel rendered ineffective assistance in violation of the Sixth Amendment in two respects. First, Petitioner alleges counsel rendered deficient performance in failing to object to the court's upward departures at sentencing under FSG 5K2.1 and 5K2.6. (5:21-cv-5082, Doc. 1). Second, Petitioner alleges counsel guaranteed him a sentence of 18 years. (Id.) Petitioner claims prejudice from the first alleged deficiency by arguing counsel's failure to object prevented Shoulders from attacking his above-guidelines sentence. (Id.). He also makes reference to the PROTECT Act, appearing in Doc. 2 to argue his avenues of appeal were somehow blocked. With respect to the second alleged

4

deficiency, Shoulders claims prejudice in that he would not have pleaded guilty if he had known his sentence would be higher. (Id.).

**II. Discussion**

1. Legal Standards

    a. 28 U.S.C. § 2255

In accordance with 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 2255(a). See *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (§ 2255 may provide relief for jurisdictional error, constitutional error, or error of law). If an error of law constitutes a "fundamental defect which inherently results in a complete miscarriage of justice," the court may grant relief. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

    b. F. R. C. P. 12(b)(6) motion

The Government has moved to dismiss Shoulders' motion under F.R.C.P. 12(b)(6). (Doc. 11). The standard governing dismissal of a motion to dismiss was set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

    c. Ineffective assistance of counsel

Ineffective assistance of counsel serves as the basis for Petitioner's § 2255 motion, thus invoking the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner must establish that counsel's performance was "deficient," meaning it "fell below an objective standard of reasonableness." *Id.* at 687-88. A mere assertion of ineffectiveness is insufficient. Rather the movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The court presumes counsel's representation was reasonable. *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013). This means the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" to which a criminal defendant is entitled. *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Strickland*, at 689). Counsel's performance is evaluated on the facts of the case, "viewed at the time of

counsel's conduct." *Strickland,* at 690. See also, *Adejuma v. United States*, 908 F.3d 357, 361 (8th Cir. 2018) (risk to defendant from his perjury apparent only in hindsight); *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (cautioning against "second guessing").

A petitioner has a second burden to address when alleging ineffective assistance of counsel. As *Strickland* held, the individual "must show that the deficient performance prejudiced the defense." 466 U.S. at 687. In practice, this means the individual must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Strickland,* at 694). See also *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010).

An allegation of ineffective assistance of counsel in the guilty plea context implicates additional considerations. As with all guilty pleas, the plea must be voluntary and intelligent. *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1694, 140 L.Ed.2d 828 (1998). To prevail on a claim of ineffective assistance of counsel where the individual has pleaded guilty, the individual must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366,

88 L.Ed.2d 203 (1985)). A cautionary note is in order in this context, as the Eighth Circuit repeated the admonition that, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez*, 929 F.3d at 1045 (quoting *Lee v. United States*, —— U.S. ——, 137 S. Ct. 1958, 1967, 198 L.Ed.2d 476 (2017)).

When the defendant challenges the sentence received as a result of the plea and alleges ineffective counsel, Eighth Circuit guidance is comprehensive. As discussed in *United States v. Quiroga*, "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." 554 F.3d 1150, 1155 (8th Cir. 2009). In support of its position the court cited numerous cases, among them *United States v. Gomez*, 326 F.3d 971, 975 (8th Cir. 2003) (plea agreement stated its sentencing provisions were not binding on court; plea not involuntary when defendant was sentenced as career offender); *United States v. Spears*, 235 F.3d 1150, 1152 (8th Cir. 2001) (defendant's confusion about guidelines did not render plea involuntary); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (guilty plea not involuntary when defendant was aware Government had not agreed to a specific sentence and he knew what the maximum was).

2. Analysis of ineffective assistance of counsel allegations

    a. Failure to object to upward departure based on FSG 5K2.1 and 5K2.6

Petitioner claims counsel was ineffective in failing to object to the court's reliance on death (5K2.1) and use of weapons (5K2.6) to justify an upward departure under the Federal Sentencing Guidelines. He argues the consideration of death as a factor was improper because the offense of murder already includes death and therefore, this amounted to double-counting by the court. He argues use of a weapon in a murder is already included within the heartland of such offenses. He theorizes prejudice resulted because the failure to object prevented him from attacking his sentence on appeal in the manner he desired. (Doc. 1).

    As noted above, Petitioner's counsel filed a sentencing memorandum objecting to any upward departures, explaining why none should apply, comparing petitioner's crime to other murders, and arguing for no more than an 18-year sentence. (5:17-cr-50090, Doc. 285). The court stated that counsel had preserved his objections, (id., Doc. 307, PgID 2765), and the court was denying the request for downward departure. (Id., Doc. 307, PgID 2758-59). The Eighth Circuit reviewed the sentence and noted the sentencing court would have given the same prison term whether it was departing upward or varying from the Guidelines. *Shoulders*, 988 F.3d at 1063 (citing *United States v. Grandon*, 714 F.3d 1093, 1098 (8th Cir. 2013)). In conducting its review for substantive reasonableness, the Eighth Circuit employed

the abuse of discretion standard, (*id.* at 1065), rather than the less-favorable plain error standard, meaning counsel had preserved his objection. Further, the Eighth Circuit reviewed in detail the comments made by the judge in imposing sentence and found no abuse of discretion. *Id.* at 1063-64. With respect to alleged procedural errors, the court reviewed using the plain error standard and again, found no error on the part of the sentencing judge. *Id.*

Shoulders has the burden to establish deficient performance by counsel and prejudice. The record establishes that counsel's performance was not deficient, in that he argued for the sentence Shoulders hoped to receive and submitted a sentencing memorandum setting forth the justification for such a sentence. When the court declined to impose the sentence Shoulders desired, and instead departed upward using the factors at FSG 5K2.1 and 5K2.6, it advised Shoulders and his counsel that counsel's objections were preserved. The Eighth Circuit adopted this determination by reviewing with the abuse of discretion standard. Thus, this Court finds counsel made the appropriate objections and his performance was not deficient.

Furthermore, if the performance was deficient, Shoulders suffered no prejudice. As the Eighth Circuit noted, he would have received the same sentence whether the court viewed it as a departure or variance. Further, the Eighth Circuit rejected Defendant's claims that the sentence was substantively unreasonable, and any appellate effort on Shoulders' part raising different arguments would have been

to no avail. See generally, *United States v. Miles*, 2022 WL 3151821, *1 (8th Cir. 2022) (approving variance based on factors already included in FSG if the Guidelines do not accurately reflect the facts of the case); *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (same); *United States v. Chase*, 560 F.3d 828, 831 (8th Cir. 2009) (noting that "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance").

The Court finds Shoulders has failed to establish ineffective assistance of counsel. Counsel's performance with respect to the upward departures in sentencing for the death resulting from petitioner's conduct and from his use of a weapon in committing the murder was not deficient. Further, petitioner suffered no prejudice resulting from counsel's performance. Shoulders' petition for relief under § 2255 on this ground is denied.

b. Alleged promise of a specific sentence

Petitioner asserts that defense counsel guaranteed him a sentence of 18 years. (Doc. 1). He argues this was deficient performance by counsel given the 25-year sentence he received. He argues further that he was prejudiced in that he would not have pleaded guilty without the promise of an 18-year sentence.

Petitioner pleaded guilty before the magistrate judge. (5:17-cr-50090, Doc. 363). During the plea colloquy the judge advised petitioner of his right to plead not

11

guilty and questioned him about whether there were any threats, improper promises, or misrepresentations made to him. (Id.). She advised him of the maximum sentence. (Id.). At the conclusion of the hearing, she found that his plea was knowing and voluntary, and accepted it. (Id.). The magistrate prepared a report and recommendation, (id., Doc.190), which the trial court accepted. (Id., Doc. 193).

Prior to sentencing, Defense counsel filed a sentencing memorandum on Shoulders' behalf, requesting that the court not exceed an 18-year sentence. (Id., Doc. 285). Counsel asserts in this § 2255 proceeding that he told Petitioner he "hoped" the sentence would be 18 years, but also reminded him the Government had asked for 30 years in its sentencing memorandum (5:21-cv-5082, Doc. 22). Counsel also asserts he advised Petitioner, who had rejected a plea agreement of 20 years with a joint recommendation for sentencing, that the Government could request that the court sentence at a higher level. (Id.).

The sentencing judge's colloquy with petitioner at sentencing reflects that the court ascertained that petitioner and his counsel had sufficient time to prepare for sentencing. (5:17-cr-50090, Doc. 307). He explained the Federal Sentencing Guidelines in detail. (Id.). He reminded petitioner that both prosecution and defense could argue for any sentence within statutory limits, and that Petitioner faced a maximum sentence of life in prison. (Id., PgID 2717). The court discussed with Petitioner his counsel's request for an 18-year sentence and other aspects of

12

Petitioner's offense. The court also noted the co-defendant had been convicted of premeditated murder and received a life sentence. (Id., PgID 2744). He addressed the Government's argument that the FSG 5K2.1 and 5K2.6 factors justified an upward departure. (Id., PgID 2749). In imposing sentence, the court provided a detailed rationale for the 25-year penalty, citing, among other factors, the callous nature of the offense, the danger to the occupants of the vehicle, the perpetrators' flight from the scene, Defendant's not receiving a 10-year mandatory sentence based on the use of a firearm, fairness in sentencing, and the need to protect the community. (Id.).

Based on the holdings of *Quiroga* and the additional Eighth Circuit cases cited therein, Petitioner has not established that his guilty plea is invalid because of the sentence he received. 554 F.3d at 1155. The plea colloquy resulted in a valid plea of guilty from Shoulders. The sentencing court complied with the requirement that Shoulders be informed of the maximum penalty and that the court could sentence up to that level. Precedent dictates that these are the minimum requirements for upholding a guilty plea in this context, and, as is evident from the transcripts of the change of plea hearing and sentencing hearing, Shoulders received much more in these proceedings than the minimum required.

Petitioner has couched his arguments about his sentence in the form of an assertion of ineffective assistance of counsel. Counsel has responded to Petitioner's allegation that counsel promised an 18-year sentence with substantial evidence that he did not do so. (Doc. 22). He cites his practice of never promising a specific sentence to a defendant in in a criminal case. (Id.) In this case, that is particularly persuasive given that Petitioner had rejected a plea agreement for a 20-year sentence, and he had placed himself in a position of having no cap on his sentence. Counsel has denied making a promise of a sentence lower than what the Government had offered, (id.) and it would be unlikely that experienced defense counsel would have done so. Shoulders has not met his burden of establishing that counsel made such a promise. Even if counsel did so, Shoulders suffered no prejudice. His plea was knowing and voluntary, and it did not become invalid if counsel gave erroneous advice about sentencing. *Quiroga,* 554 F.3d at 1155; *Gomez,* 326 F.3d at 975. See also *Walker v. United States*, 810 F.3d 568, 578 (8th Cir. 2016).

The Court finds that the change of plea and sentencing proceedings demonstrate that petitioner was advised of the consequences of pleading guilty, that counsel for both sides could argue for any sentence within the applicable range, and that the court could impose any such sentence. The Court further finds that Petitioner has not met his burden of establishing deficient performance by defense counsel by allegedly promising Petitioner would receive a specific sentence, and he has not

14

established prejudice under the standard of *Strickland*. Petitioner's motion for relief under § 2255 on this ground is denied.

### III. Evidentiary Hearing and Certificate of Appealability

If the motion, files, and records of the case conclusively establish that the petitioner is not entitled to relief, the court can dispense with an evidentiary hearing. *See Garcia v. United States,* 679 F.3d 1013,1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that Petitioner's claims do not warrant relief under 28 U.S.C. § 2255. *Walker*, 810 F.3d at 580 (affirming denial of evidentiary hearing where no further factual development needed).

When the district court has denied a motion under 28 U.S.C. § 2255, the Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). A "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir.1997). Petitioner has not made a substantial showing of the denial of a constitutional right and the certificate of appealability will not issue.

## Conclusion

Following his conviction and sentence, Petitioner appealed to the Eighth Circuit, which conducted a thorough and careful review of his allegations of error in sentencing before denying relief. Petitioner's § 2255 motion couches his sentencing claims in the guise of ineffective assistance of counsel, which this Court has examined carefully. The Court finds that Petitioner has failed to establish ineffective assistance of counsel based on the alleged failure to object to upward departures under the FSG and in allegedly promising Petitioner he would receive a specific sentence. The Court finds Petitioner did not establish either that counsel's performance was deficient or that Petitioner was prejudiced by counsel's allegedly deficient performance.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.
2. The Government's motion to dismiss is granted.

Dated this 31st day of August, 2022.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge